JAMES M. PETERSON (Bar No. 137837)
peterson@higgslaw.com
KYLE W. NAGEOTTE (Bar No. 285599)
nageottek@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:   (619) 236-1551
Facsimile:   (619) 696-1410

Attorneys for Defendant
FEDEX OFFICE AND PRINT
SERVICES, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER JAMES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC., a Texas corporation and DOES 1-10, inclusive,<br><br>Defendants. | Case No. **'24CV0374 DMS DDL**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**(San Diego Superior Court Case No. 37-2024-00002210-CU-OE-CTL)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant FEDEX OFFICE AND PRINT SERVICES, INC. ("<u>Defendant</u>") hereby removes the action described below from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

/ / /

/ / /

/ / /

/ / /

## I.    **PROCEDURAL HISTORY**

1.    On January 18, 2024, Plaintiff JENNIFER JAMES filed a lawsuit in the Superior Court of the State of California, County of San Diego, entitled *Jennifer James v. Fedex Office and Print Services, Inc.,* which is currently pending under Case Number 37-2024-00002210-CU-OE-CTL.

2.    In her Complaint, Plaintiff alleges various causes of action, including, (1) Retaliation in Violation of Cal. Lab. Code § 1102.5; (2) Constructive Discharge in Violation of Public Policy; (3) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (4) Failure to Engage in the Interactive Process in Violation of FEHA; (5) Failure to Accommodate in Violation of FEHA; (6) Failure to Prevent Discrimination, Harassment, and/or Retaliation in Violation of FEHA; and (7) Retaliation for Requests for Accommodation in Violation of FEHA. A true and correct copy of the Complaint, together with a copy of the applicable Summons, is attached hereto as "**Exhibit A**" and **"Exhibit B"** pursuant to 28 U.S.C. 1446(a).

3.    On February 26, 2024, Defendant filed its Answer to Plaintiff's Complaint. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as "**Exhibit C**" pursuant to 28 U.S.C. 1446(a).

## II.    **TIMELINESS OF REMOVAL**

4.    A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

5.    Service of Process was completed on January 26, 2024 on Defendant. The 30-day period set forth in Section 1446(b) therefore falls on February 26, 2024, and this Notice of Removal was timely filed. 28 U.S.C. § 1446(b).

///

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

12148136.1                                       2                    Case No. _____

NOTICE OF REMOVAL OF CIVIL ACTION

6.      To Defendant's knowledge, no other defendants, including any fictitious "Doe" defendants, have been served in this action.  As such, their consent to this removal is not required.

## III.    BASIS FOR REMOVAL – Diversity Jurisdiction

### A.    Diversity of Citizenship

7.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and one which may be removed by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

8.      At the time the action was commenced, Plaintiff was and is a citizen of the United States, was and is domiciled in California, and therefore is a citizen of California.  (Complaint, ¶ 1.)  In her Complaint, Plaintiff alleges that the alleged wrongs occurred in "San Marcos, CA."  (Complaint, ¶ 2.)

9.      Defendant is presently, and was at the time of the commencement of this action, a citizen of the State of Texas, as provided in 28 U.S.C. § 1332(c), because it was and is a corporation duly organized and validly existing under and pursuant to the laws of the State of Texas.

10.      Defendants DOES 1-10, inclusive, are unidentified, there is "no information as to who they are or where they live or their relationship to the action." It is therefore "proper for the district court to disregard them."  McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

### B.    Amount in Controversy

11.      For purposes of diversity jurisdiction, when a complaint is unclear and does not specify "a total amount in controversy," the jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages.  (Simmons v. PCR Tech., 209 F.Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F.Supp. 1196, 1198

(N.D. Cal. 1998)); See also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).) The removing defendant must generally provide evidence showing that it is "more likely than not" that the amount in controversy in the action exceeds the $75,000 threshold. (Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).)

12.     To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. (Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).) In measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." (Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).) If the complaint does not clearly establish the jurisdictional amount, the Court may also consider facts raised in the removal petition. (Singer, 1156 F.3d at 377; see also Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ["[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."].)

13.     At the removal stage, the removing party is required only to make a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount in controversy is not required unless and until "the plaintiff contests, or the court questions, the defendant's allegations." (Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. at 554 (2014); Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019) [a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold].) Additionally, the removing defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1198 (9th Cir. 2015).

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

12148136.1

4

Case No. _____

14. Plaintiff claims money damages for emotional distress and general damages. (Complaint, *passim*.) These allegations may be taken into account in determining the amount in controversy in the action. (See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) [plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal]; see also Richmond v. Allstate Ins. Co., 897 F.Supp. 447, 450 (S.D. Cal. 1995) [noting that emotional distress damages, even where vaguely pled, can be potentially substantial].

15. California juries routinely award significant sums in excess of $75,000 for non-economic damages to plaintiffs who allege discrimination claims. For example, in Viveros vs. Donahoe, a trial court awarded the plaintiff $225,000 in emotional distress damages on a pregnancy discrimination claim. (13 Trials Digest 16th 9.) In Anderson v. Tran; Shun Fat Supermarket, Inc., the jury awarded $125,000 in emotional distress damages to a customer who alleged disability discrimination in being denied entry to a supermarket. (JVR No. 1505290037.) In Donovan vs. Poway Unified School District, a jury awarded plaintiffs $125,000 and $175,000, respectively, in emotional distress damages based on allegations of sexual orientation discrimination. (49 Trials Digest 8th 1.) In Ware v. J K M Equipment Inc., the jury awarded $100,000 in emotional distress damages on a racial discrimination claim under the Unruh Act. (JVR No. 1802090058.) In Dov vs. Ascot Hotel LLC, the jury awarded $151,200 in emotional distress damages based on allegations of disability discrimination under the Unruh Act. (9 Trials Digest 11th 2.) In Curry v. Academy Pointe, Inc., the jury awarded $750,000 in emotional distress damages for a disability discrimination allegation. (40 Trials Digest 21st 20.) In Maryann Jordan v. Myrna Dillon, GSF Properties Inc., the jury awarded $1,180,000 in damages for violations of the Unruh Act and intentional infliction of emotional distress because an apartment complex treated a disabled tenant's service animal "as if it were a pet." (2007 WL 5091774.)

16.     Plaintiff also seeks punitive damages.  (Complaint, *passim*.)  "It is well established that punitive damages are part of the amount in controversy in a civil action."  (Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001).)  Punitive damages are intended to punish, and are often based upon the net worth of the defendant.  The wealthier the defendant, the larger the award of exemplary damages needs to be in order to accomplish the statutory objective.  (Bertero v. National General Corp., 13 Cal.3d 43, 65 (1974).)  Indeed, it is not uncommon for punitive damages awards in cases with discrimination claims to exceed the $75,000 threshold by themselves.  (See, e.g., Curry v. Academy Pointe, Inc., 9 Trials Digest 11th 2 [punitive damages of $4,500,000]; Paletz vs. Adaya, 5 Trials Digest 16th 4 [punitive damages of $380,000].)

17.     Plaintiff also claims attorney's fees.  (Complaint, ¶¶ 53, 62, 79, 85, Prayer, ¶ 6.)  Such fees may be included in the amount in controversy.  (Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998); see Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007).)

18.     A court must include future attorneys' fees when assessing whether the amount-in-controversy requirement is met.  (See Fritsch v. Swift Transportation Company of Arizona, 899 F.3d 785, 794 (9th Cir. 2018); see also Arias, 936 F.3d at 927-928.)

19.     In discrimination cases, the attorney's fee award often eclipses even the damages award.  (See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ["Although attorneys' fees cannot be precisely calculated, maintaining a race discrimination claim will undoubtedly require substantial effort from counsel. The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."]; K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 78 F. Supp. 3d 1289 (C.D. Cal. 2015) [fees of $369,608.80 on $197,500 damages]; Schutza v. City of San Diego, No. 313CV2992CABKSC, 2017 WL 3149509, at *7 (S.D. Cal. July 24, 2017) [fees of $83,120 on $24,000 statutory

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

12148136.1

6

Case No. _____

NOTICE OF REMOVAL OF CIVIL ACTION

damages]; *Kittok v. Ralphs Grocery Co.*, 2009 WL 2603096, at *5 (C.D. Cal. Aug. 24, 2009) [fees of $21,841.50 on $4,000 damages]; <u>Long v. American Civil Liberties Union of Southern California</u>, JVR No. 29585 [fees of $72,000 on $20,000 damages].

20.     Taken together, the confluence of actual damages, punitive damages, and attorney's fees place the *plausible* amount in controversy here well above the $75,000 threshold required for diversity jurisdiction.

## IV.     <u>ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET</u>

21.     Plaintiff originally filed her complaint in the Superior Court of California, County of San Diego, which is located within the Southern District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a), as it is the "district and division embracing the place where such action is pending."  (28 U.S.C. § 114(a).)

22.     Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the removal of this action to all parties and is filing a copy of that notice with the Superior Court of California, County of San Diego.  True and correct copies of the notice to Plaintiff and to the state court shall be filed promptly.

## V.     <u>CONCLUSION</u>

Wherefore, Defendant prays that the above-entitled action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court.

Dated:  February 26, 2024          HIGGS FLETCHER & MACK LLP


By:     */s/ Kyle W. Nageotte*
        JAMES M. PETERSON
        KYLE W. NAGEOTTE
        Attorneys for Defendant
        FEDEX OFFICE AND PRINT
        SERVICES, INC.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

12148136.1                          7                    Case No. _____

NOTICE OF REMOVAL OF CIVIL ACTION